**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, et al., Plaintiffs,**

v.

**NATIONAL MEDIATION BOARD et al., Defendants.**

**Civ. A. No. 1544–63.**

United States District Court
District of Columbia.
Aug. 19, 1963.

———◆———

Martin F. O'Donoghue, Washington, D. C., Herbert A. Levy, New York City, for plaintiffs.

Howard E. Shapiro, Harland F. Leathers, Dept. of Justice, Washington, D. C., for defendants.

LEONARD P. WALSH, District Judge.

This matter comes before the court on a motion by the plaintiff, Air Line Pilots Association, to amend the Findings of Fact and Conclusions of Law entered by Judge Sirica on August 10, 1963. Specifically, the motion goes to that part of the order which enjoined the National Mediation Board from conducting a representation election among the pilots and co-pilots of American Airlines until "the announcement of a decision by the District Court in the action identified as No. 63 Civ. 585 * * *" in the Southern District of New York.

A decision was rendered in that case by Judge Wyatt on August 12, 1963.

This motion requests that the injunction be extended until the matter is finally determined in the United States Court of Appeals for the Second Circuit. That Court has advanced the case for hearing to September 3, 1963.

The principal question in the case heard on the merits by Judge Wyatt was whether there had been violations of the Railway Labor Act, such as carrier interference, influence, coercion or assistance of a rival union. That court, in effect, disposed of the question by ruling that the National Mediation Board has the exclusive jurisdiction as to whether there has been influence, coercion or assistance by the carrier. See the

Opinion in 63 Civ. 585, United States District Court, Southern District of New York, August 12, 1963, p. 59.

The court further held that "There is no showing of influence or coercion on the part of the company nor any unlawful assistance by the company in the break away from Alpa (Airline Pilots Association) and in the organization of Allied (the rival union)." Supra at 60–61. However, the court predicated the decision on the ground of lack of jurisdiction over the subject matter.

Plaintiff now urges this Court to extend the injunction against the National Mediation Board to prevent the representation election from proceeding. Counsel for plaintiff urges that the question of coercion was improperly decided by the District Court in New York and should the Second Circuit reverse, plaintiff's rights will have been extinguished by the election. The National Mediation Board intends to proceed immediately with the election.

Even if this Court would concede that the decision should be reversed on appeal; and, certainly conceding that a reversal will be to no avail if the election has been held; this Court will not nullify the effect of the decision by the District Court in New York by extending the injunction.

It should be noted that Judge Sirica had the alternative positions before him when he entered his order on August 10, 1963. He, at that time, rejected plaintiff's request to continue the injunction until "final determination" of the New York action; and, adopted, instead, the order submitted by the defendants which enjoined the election "pending the announcement of a decision by the District Court in the action identified as No. 63 Civ. 585 * * *".

This Court will not enlarge upon this order entered on August 10, 1963 to extend the injunction until the Second Circuit Court of Appeals renders a decision.

The Court notes, however, that the New York Court ruled that the National

Mediation Board has exclusive jurisdiction over the question of company interference. But, the National Mediation Board has stated that they have no jurisdiction in this case to pass upon any alleged issues of interference that are committed prior to the conduct of the election. In an affidavit, Mr. Thomas A. Tracy, Assistant Executive Secretary of the Board, stated the following:

"It has been the consistent position of the National Mediation Board since its creation under the the 1934 Amendment to the Railway Labor Act, that this Board has no legal authority to investigate and pass upon charges of carrier interference, assistance, influence and coercion in connection with representation of carrier employees, except to take the necessary steps to see that the actual election procedure be free from such actions by the carrier."

The proper forum for determination of the issue of carrier interference would appear to be the National Mediation Board. Counsel for defendant asserts that the Board has conducted an "adequate investigation." It is not clear to this Court what comprises an adequate investigation in the absence of a formal hearing, or, when the parties are not accorded the opportunity of presenting evidence of interference.

Thus we have a situation in which the complaining party, ALPA, has no forum for hearing or redress if the wrong did, in fact, occur. Even so, such a conflict will not permit this court to act in an appellate capacity. We will stay the impending election only until such time as this motion can properly be brought before the United States Court of Appeals.

Accordingly, it is this 19th day of August, 1963,

Ordered, that plaintiff's motion to amend the findings of fact, conclusions of law and order or judgment of the Court under Rule 52(b), be, and the same hereby is, denied; and

It is further ordered, that the defendant be, and hereby is, restrained from proceeding with the election among the pilots and co-pilots of the American Airlines for a period of 48 hours from the filing of this Order.