**FLIGHT ENGINEERS' INTERNATIONAL ASSOCIATION, EAL CHAPTER, AFL–CIO, an unincorporated labor organization, Plaintiff,**

v.

**NATIONAL MEDIATION BOARD et al., Defendants,**
and
**Charles H. Ruby, President, Air Line Pilots Association,**
and
**Air Line Pilots Association, Intervenors.**

Civ. A. No. 1028–64.

United States District Court
District of Columbia.
May 20, 1964.

---

Zimering, Gromfine & Sternstein, Washington, D. C., for plaintiff.

Joseph Richard Fitzgerald and Howard Shapiro, Dept. of Justice, Washington, D. C., for defendant.

LEONARD P. WALSH, District Judge.

This matter comes before the court on a motion for a preliminary injunction filed by the Flight Engineers International Association. The plaintiff seeks to enjoin a representation election, now being conducted by the National Mediation Board among the flight engineers of Eastern Air Lines, the ballots being returnable on May 26, 1964.

In a collateral, but related matter, the Union asks for an order in the nature of mandamus directing the National Mediation Board to appoint a neutral member to a four-member grievance panel, the System Board of Adjustment, to break a deadlock in a matter which has been pending since August 25, 1962.

The Flight Engineers (herein referred to as the Union) assert that they have requested the Board to determine whether certain unfair labor practice charges against Eastern Air Lines and the Air Line Pilots Association (ALPA) have in fact occurred, and, if so, whether these practices have interfered with the election now in process.

The Board has refused to conduct an evidentiary hearing solely on the charges of unfair labor practices. In a letter, dated January 31, 1964, to Mr. I. I. Gromfine, the Board stated as follows:

"With respect to your second request (that the Board hold a hearing to determine the merits of five charges), it has been the Board's consistent position, since its creation under the 1934 amendments to the Railway Labor Act, that this Board has no legal authority to investigate and pass upon charges of carrier interference, assistance, influence, and coercion in connection with the representation of carrier employees * * *".

The Union places great reliance on Flight Engineers International Association v. Civil Aeronautics Board, (D.C. Cir.) 332 F.2d 312, 1964, in which Judge Fahy, writing for the Court stated, 332 F.2d at page 316.

"* * * However, to the extent that the replacement issue relates to the issue of representation it can and properly should be determined by the National Mediation Board in deciding which employees are entitled to vote in a representation election. * * *"

The Union further argues that it has been denied due process of law as the hearing on voter eligibility held on February 26, 27 and 28, 1964, was inade-

quate; that the Union did not have full opportunity to present evidence and to know and confront the evidence adverse to it.

The Board, in opposition to the petition for a preliminary injunction, submits that the court does not have jurisdiction to enjoin the election in that representation disputes arising under Section 2, Ninth of the Railway Labor Act, 45 U.S.C.A. § 152, Ninth, have been assigned by the Congress exclusively to the Board, and the decisions of the Board in such disputes are not reviewable. Citing Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943) and General Committee of Adjustment of Brotherhood of Locomotive Engineers for Missouri K–T R. Co. v. Missouri K. T. Railroad, 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943).

Counsel for the Board further argues that the Board has acted within the scope of its authority by investigating the representation dispute as required by Section 2, Ninth. The Board asserts that their investigation included an extensive review of the various charges by the Union, including examination of the court proceedings in which those charges were reviewed, plus a special hearing on eligibility to vote. The final phase of the investigation, according to the Union, is the election now in process in which the employees will select the agent of their choice to bargain with the carrier.

The primary question before this Court concerns the hearing which has been requested on the charges of unfair labor practices, and whether the circumstances of this case require the National Mediation Board to hold an evidentiary hearing.

A brief history of the litigation in this dispute over "crew complement" should be helpful in approaching the question of whether the Union has a forum to settle the issue of unfair labor practice; and, if so, where the forum lies.

The Flight Engineers called a strike against Eastern Air Lines on June 23, 1962 on issues, among which was the issue of crew complement on jets and four-engined aircraft. Shortly thereafter, the Union sought a preliminary injunction against the carrier in the Southern District of New York, Flight Engineers Intern. Assn., E A L chapter A.F.L.–C.I.O. v. Eastern Air Lines, 208 F.Supp. 182. Judge Feinberg found that there had been no violations of the Railway Labor Act and denied the injunction. This was affirmed at 307 F.2d 510 (2d Cir., 1962) and certiorari was denied, 372 U.S. 945, 83 S.Ct. 934, 9 L.Ed.2d 970.

The Union also filed a second suit in New York against the carrier and the Air Line Pilots Association, a rival employee group, and intervenors in this action, claiming, among other things, that Eastern was bargaining illegally with ALPA. Judge Levet denied the motion for a preliminary injunction, 45 C. C. H. Labor Cases 27467, and the Second Circuit affirmed, holding that this was a representation dispute, which was in the exclusive jurisdiction of the National Mediation Board, F. E. I. A. v. Eastern Air Lines and ALPA, 311 F.2d 745 (2d Cir. 1963). Certiorari was denied, 373 U.S. 924, 83 S.Ct. 1523, 10 L.Ed.2d 423. This suit, however, is still pending in New York on the complaint, which charges unfair labor practices.

The Union then filed a complaint before the Civil Aeronautics Board, charging violation of Section 401(k) (4) and requested a formal investigation of the charges. The C. A. B. dismissed the complaint, and the Court of Appeals for the District of Columbia Circuit affirmed, F. E. I. A. v. C. A. B., supra.

The initial question before this Court concerns the jurisdiction of this Court to enjoin an alleged unlawful election arising out of Section 2, Ninth of the Railway Labor Act. Switchmen's Union of North America v. N. M. B., 320 U.S. 297, 300, 64 S.Ct. 95, 96 (1943) held that the court "did not have the power to review the action of the National Mediation Board in issuing the certificate." The Supreme Court further found no jurisdiction in General Committee of Ad-

justment of Brotherhood of Locomotive Engineers for Missouri–K–T R. R. v. Missouri K. T. Railroad Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943). However, in so holding, 320 U.S. at page 336, 64 S.Ct. at page 152, footnote 12, the Court stated:

> "Whether judicial power may ever be exerted to require the Mediation Board to exercise the 'duty' imposed upon it under § 2, Ninth and, if so, the type or types of situations in which it may be invoked present questions not involved here."

The Court again addressed itself to this question in the leading case of Leedom v. Kyne, 358 U.S. 184 (1958), and, at page 189, 79 S.Ct. 180 at page 184, 3 L.Ed.2d 210 stated:

> " * * * Yet the Board included in the unit employees whom it found were not professional employees, after refusing to determine whether a majority of the professional employees would 'vote for inclusion in such unit.' Plainly, this was an attempted exercise of power that had been specifically withheld. It deprived the professional employees of a 'right' assured to them by Congress. *Surely, in these circumstances, a Federal District Court has jurisdiction of an original suit to prevent deprivation of a right so given.*" (emphasis supplied)

The Court, in Leedom, went on to point out that in cases such as Switchmen's Union, "it was apparent that but for the general jurisdiction of the federal courts there would be no remedy to enforce the statutory commands which Congress [has] written into the Railway Labor Act. The result would have been that the 'right' of collective bargaining was unsupported by any legal sanction. That would have robbed the Act of its vitality and thwarted its purpose." 358 U.S. 190, 79 S.Ct. 184.

The most recent pronouncement on jurisdictional questions by the Supreme Court is set forth in Boire v. Greyhound Corp., 84 S.Ct. 894. The District Court had enjoined an election by the N. L. R. B., holding that the Board had exceeded its statutory authority by attempting to conduct a representation election where no employment relationship existed. The Court of Appeals affirmed, 5 Cir., 309 F.2d 397, and the Supreme Court reversed. The Court distinguished Leedom v. Kyne, supra, and at 84 S.Ct. 894, stated:

> "We pointed out there that the District Court suit was 'not one to "review," in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act.' 358 U.S., at 188, 79 S.Ct. at 184, 3 L.Ed.2d 210."

In addition, the Court may have limited Kyne by further stating:

> "The Kyne exception is a narrow one, not to be extended to permit plenary District Court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law."

Thus, it becomes readily apparent that there is a great deal of confusion on this question of jurisdiction. However, this Court is of the opinion that we do have jurisdiction to enjoin this election if it is established that the National Mediation Board has violated the Railway Labor Act, thereby depriving the Flight Engineers of a " 'right' assured to them by Congress * * * ". Leedom v. Kyne, supra, 358 U.S. at 189, 79 S.Ct. at 184.

In the matter presently before this Court, the dispute resolves itself essentially to the question of what the Board is required to do in a representation dispute when charges of unfair labor practices are filed by one of the competing employee groups. The E. A. L. Chapter of Flight Engineers has charged that the carrier has unlawfully conditioned the return to work of the strikers upon the relinquishment of certain seniority

rights and discriminatorily discharged the striking engineers. The Union has further charged that the rival employee group, ALPA, has been unlawfully assisted by Eastern and that ALPA's application for a representation election was instigated by the employer. The Union asserts that the election should not go forward pending a full investigation of these charges, including an evidentiary hearing with the full requirements of due process of law.

In its letter dated January 31, 1964, the Board refused to investigate the charges of carrier interference.

The Board did hold a hearing on February 26, 27, and 28, 1964, on the question of voter eligibility and issued findings on April 14, 1964. A list of eligible voters was prepared and the ballots mailed on April 29, 1964, returnable on May 26, 1964.

The full membership of the Board met on April 27, 1964, to consider the decision of the United States Court of Appeals for the District of Columbia Circuit in F. E. I. A. v. C. A. B., 332 F.2d 312, decided April 23, 1964. Mr. Eugene C. Thompson, Executive Secretary to the National Mediation Board, states in his affidavit of May 11, 1964, that the Board decided that the Circuit Court's decision did not constitute any ruling to the effect that the Board should grant F. E. I. A.'s request for a hearing on the charges of unfair labor practices. Furthermore, it was the opinion of the Board that its ruling of April 14, 1964, specifically complied with the ruling made in F. E. I. A. v. C. A. B., supra. It should be noted that any statement pertaining to the duty of the National Mediation Board in the C. A. B. case would have to be considered as dicta as the Board was not before the Court.

It is clear that the Railway Labor Act makes no specific requirements for a hearing on the part of the Board when conducting an investigation under Section 2, Ninth. That section states that when a representation dispute arises, "it shall be the duty of the Mediation Board, upon request of either party to the dispute, to investigate such dispute and to certify to both parties * * *" the authorized representative of the employees.

In Ruby v. American Air Lines, 323 F.2d 248 (C.A.2d Cir., 1963), a very similar factual situation to the one here, the argument was made at page 254:

"* * * that since the Railway Labor Act affords no such opportunity as the National Labor Relations Act for a full administrative hearing and determination, which would result in disqualifying a union found to have benefitted from unlawful conduct by the employer, the federal courts should fill the supposed statutory vacuum."

In ruling on this point, the court imposed a very difficult burden for the plaintiff here. Judge Friendly, writing for the Court, 323 F.2d at page 256 stated:

"But the claim that the courts should do under the Railway Labor Act what Congress directed the N. L. R. B. to do under the National Labor Relations Act not only flies in the face of the difference in the language and scheme of the two statutes but ignores the diverse problems to which they were addressed.

* * * * *

"* * * It was thus natural that the Wagner Act should stress administrative adjudication whereas the earlier Railway Labor Act relied primarily on mediation. For the courts to require the Mediation Board to transform itself into an adjudicative and prosecutorial agency like the N. L. R. B. or to impose themselves upon it would distort the entire Congressional scheme."

The Union argues that the instant case is similar to Air Line Pilot Ass'n v. N. M. B., D.C.D.C., 220 F.Supp. 730, 1963, in which this Court would not enjoin an election pending the opinion of the Second Circuit in Ruby, supra, but in which the United States Court of Appeals for the District of Columbia Cir-

cuit did, in fact, grant the injunction until the Second Circuit ruled.

The present situation is distinguishable in that an election pending Ruby was stayed to prevent irreparable injury in the event the lower court was not affirmed. Also, the opinion was imminent, but in the present suit there is no indication as to when the case will be tried in New York.

In WES Chapter, F. E. I. A., A.F.L.-C.I.O. v. N. M. B., 114 U.S.App.D.C. 229, 314 F.2d 234 (1962) the Union sought, inter alia, to enjoin the certification of a representation election. The claim was made that the Board did not fully investigate the charges of employer domination of the rival union. The Board had conducted a hearing, but declined to subpoena witnesses. The Court, 314 F.2d at page 237, held that

" * * * in discharging its duty to investigate in the manner it did in this case we find no official conduct in excess of authority and no refusal to bring the processes of the Board to bear in a reasonable manner on the dispute. * * * "

This Court is of the same opinion in this case, fully aware that a hearing has not been held. There is no duty on the Board to conduct a hearing. Their duty derives from the public interest in this vital transportation industry, to investigate and certify—within thirty days, whenever possible. The time limit alone would preclude a hearing in all but the most extraordinary situations.

This Court is also of the opinion that the Board has complied with the dictum in F. E. I. A. v. C. A. B., supra. In fact, a hearing on voter eligibility was held in February, 1964, while the case was under consideration by the Court of Appeals. The Board issued its findings on April 14, 1964, which contained a ruling on the replacement issue as it pertained to voter eligibility.

However, the Board did not admit evidence on the alleged unfair labor practices nor on the specific charge that the replacements should not be allowed to vote because their employment is the result of the carrier's improper discharge of the strikers. The Board maintains that it is not required to hold a hearing on this question. There is nothing in the opinion of April 23, 1964, in F. E. I. A. v. C. A. B. which would require it to do otherwise.

The final matter before this Court is the petition by plaintiff for an order directing the Board to appoint a referee to settle the grievance dispute between the Union and the carrier. The union members of the System Board of Adjustment requested the National Mediation Board to appoint a fifth and neutral member. The carrier opposed the appointment and, according to the affidavit of Mr. Thompson, the Board has made no definite disposition of the request. Mr. Thompson, however, goes on to state, at page 9 of his affidavit, that any action would require an interpretation by the Board of an agreement between the parties, and the Board has no authority under the Railway Labor Act to interpret agreements between carriers and their employees.

Section XVIII(1) of the agreement provides for the procedure in appointing the fifth member. The agreement further provides that "In the event the Board of Adjustment is unable to agree within ten (10) days after receipt of such notice, it shall request the National Mediation Board to name a referee,".

In this case, only the employee members of the System Board of Adjustment have requested the National Mediation Board to appoint the fifth member. Therefore, the Board appears to be justified in refusing to act. Further, the Court agrees that it would be improper for the Board to enter into contract interpretation, unless requested to do so by both parties.

### ORDER

In accordance with the above, it is this 20th day of May, 1964,

Ordered, that Plaintiff's motion for a preliminary injunction to enjoin the de-

fendant, National Mediation Board, from conducting any election, counting ballots, or certifying a representative among the flight engineers of Eastern Air Lines, be and the same hereby is, denied;

It is further ordered; that Plaintiff's motion to impound the ballots, if the representation election has begun, be, and the same hereby is, denied;

It is further ordered, that Plaintiff's motion to set aside and vacate the orders of the National Mediation Board directing a representation election on Eastern and to declare that the Railway Labor Act does not confer jurisdiction or authority upon the Board to certify ALPA as the representative of the flight engineers, be, and the same hereby is, denied; and

It is further ordered, that Plaintiff's motion to direct the National Mediation Board to appoint a referee to settle the grievance dispute between Plaintiff and Eastern Air Lines, be, and the same hereby is, denied.