**FLIGHT ENGINEERS' INTERNATION-AL ASSOCIATION, EAL CHAP-TER, AFL–CIO, Appellant,**

v.

**NATIONAL MEDIATION BOARD et al., Appellees.**

**EASTERN AIR LINES, INC., Appellant,**

v.

**NATIONAL MEDIATION BOARD et al., Appellees.**

**Nos. 18640, 18643.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 11, 1964.

Decided Oct. 8, 1964.

Mr. William B. Peer, Washington, D. C., with whom Mr. I. J. Gromfine, Washington, D. C., was on the brief, for appellant in No. 18640.

Mr. W. Glen Harlan, Atlanta, Ga., with whom Messrs. E. Smythe Gambrell, Atlanta, Ga., and Llewellyn C. Thomas, Washington, D. C., were on the brief, for appellant in No. 18643.

Mr. John C. Eldridge, Atty., Dept. of Justice, with whom Asst. Atty. Gen. John W. Douglas, Mr. David C. Acheson, U. S. Atty., and Mr. Morton Hollander, Atty., Dept. of Justice, were on the brief, for appellee National Mediation Board.

Mr. Herbert A. Levy, of the bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of court, with whom Mr. Martin F. O'Donoghue, Washington, D. C., was on the brief, for appellee Air Line Pilots Association, International.

Mr. Donald J. Capuano, Washington, D. C., also entered an appearance for appellee Air Line Pilots Association, International.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

These two appeals have been consolidated in this court. They are part of a protracted dispute between Flight Engineers' International Association, EAL Chapter, (FEIA), appellant, and the Air Line Pilots Association (ALPA), over which of these unions represents the flight engineers of Eastern Air Lines, Inc.[1]

No. 18640. This appeal is from an order of the District Court denying appellant's motion for a preliminary injunction in a suit in which FEIA was the plaintiff. The appeal accordingly is authorized by 28 U.S.C. § 1292(a).[2] The injunction was sought to prevent the National Mediation Board, an appellee here and a defendant in the District Court, from conducting an election, counting ballots or certifying a representative

---

1. For a discussion of the prior history of the dispute see Flight Engineers' Int'l Ass'n etc. v. C. A. B., 118 U.S.App.D.C. ——, 332 F.2d 312 (1964).

2. The order on appeal also denied appellant's motion in the District Court for a direction to the National Mediation Board to appoint a referee to settle a grievance dispute between appellant and Eastern Air Lines; but this is neither a final order appealable under 28 U.S.C. § 1291 nor within the coverage of § 1292(a).

among the flight engineers of Eastern, together with a motion to impound the ballots if such an election had begun. The effect of the order was suspended by the District Court pending disposition of an application to this court for a stay pending the appeal. This application was denied.

Thereafter the election was held and ALPA, appellant's rival in the representation proceedings, was certified as the representative of the flight engineers of Eastern. The Board has moved for dismissal of the appeal, urging that because of these intervening events the appeal from denial of the preliminary injunction is now moot, or, if the appeal is considered under 28 U.S.C. § 1291, is premature. We postponed decision on the motion to dismiss until hearing of the appeal.

We deny the motion to dismiss. Were the appeal mooted by reason of the intervening election and certification the consequence of denial of the preliminary injunction would have such aspects of finality as might support the jurisdiction of this court under Section 1291. But we need not decide this point.

■ We think the appeal is not moot, and that, therefore, our jurisdiction under Section 1292(a) pertains. If the District Court erred in denying the preliminary injunction it would have power, notwithstanding the intervening events, to grant relief to appellant in some form appropriate to the nature of the case. For example, the court might require the suspension of further representation by ALPA as the representative of Eastern's flight engineers pending final disposition of the case in the District Court. We do not suggest that this particular relief would be granted; but the ability of the District Court to protect in some manner the valid interests of appellant could not be said to have been destroyed were we to hold that the preliminary injunction should have been granted. We accordingly decide the merits of that question.

■■ In doing so we find no basis for reversing. It is well settled that the jurisdiction of the courts in employee representation proceedings before the appellee Board is very limited. Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943); General Committee etc. v. Missouri K. T. Railroad Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943); cf. Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed. 2d 849 (1964), relating to NLRB proceedings. Appellant's challenge to the proceedings does not come within any exception to the general rule of non-reviewability which might be thought to stem from the rationale of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); for the Board cannot be said to have been exceeding its jurisdiction or acting in excess of its designated power and contrary to any specific prohibition in the statute it administers. Leedom v. Kyne, supra, at 188, 79 S.Ct. at 180. And no constitutional right of appellant has been invaded by the Board. Its investigation of general charges made by appellant was in accord with the limitations of the Railway Labor Act and was not inconsistent with procedural due process. See WES Chapter, Flight Engineers' Int'l Ass'n A.F.L.-C.I.O. v. National Mediation Board, 114 U.S.App.D.C. 229, 314 F.2d 234 (1962).

As to appellant's contention based on our statement in Flight Engineers' Int'l Ass'n etc. v. C. A. B., 118 U.S.App.D.C. ——, 332 F.2d 312, 316 (1964), that to the extent that the replacement issue related to eligibility of participants in the election, it could and properly should be determined by the Board, the record shows that the Board did investigate, hold hearings upon, and determine, the issue of eligibility, including a ruling on replacements. This was done in a manner which, under the limited character of our review, escapes judicial revision.

*No. 18643.* This is an appeal by Eastern from an order of the District Court denying it the right to intervene in that court in No. 18640. It relies primarily

upon Rule 24(a), Fed.R.Civ.P., which in pertinent part reads as follows:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *."

In view of the history of this controversy, with emphasis now upon our decision upholding the Board's position, it is obvious that the condition of Rule 24(a) that the representation of Eastern's interest by the existing parties is or may be inadequate has not been met. In the numerous decisions growing out of the controversy between FEIA and ALPA as to which of these labor organizations represents the flight engineers of Eastern, there has been a uniform course of decision protecting the interest of Eastern, through representation by "existing parties" to the litigation. There seems to be no reason now to complicate the case in the District Court by granting intervention to Eastern, especially as the litigation appears to be nearing an end.[3]

The orders in both No. 18640 and No. 18643 are

Affirmed.

WILBUR K. MILLER, Circuit Judge (concurring in part and dissenting in part):

I join in the portion of the foregoing opinion which affirms the District Court's denial of a preliminary injunction in No. 18,640.

I dissent, however, from the majority's action in No. 18,643 which affirms the District Court's denial of intervention to Eastern in No. 18,640. I think

Eastern should be allowed to intervene in order to protect its interests in the further proceedings in the District Court which will be had in No. 18,640 subsequent to our affirmance of the denial of a preliminary injunction.

---

3. Without laying down a general rule applicable to all permissive interventions, under subparagraph (b) of Rule 24, it is clear the order denying such intervention in this case is not final and appealable under Section 1291 of the Judicial Code.

See Brotherhood of Railroad Trainmen v. Baltimore & Ohio R. Co., 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947). Nor, of course, is it appealable under Section 1292.