**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Appellants,**

v.

**NATIONAL MEDIATION BOARD et al., Appellees.**

**No. 20027.**

United States Court of Appeals District of Columbia Circuit.

Argued May 18, 1966.

Decided May 31, 1966.

Mr. Herbert S. Thatcher, Washington, D. C., with whom Messrs. David Previant, Milwaukee, Wis., David S. Barr and Jules Bernstein, Washington, D. C., were on the brief, for appellants.

Mr. John C. Eldridge, Attorney, Department of Justice, with whom Asst. Atty. Gen. John W. Douglas and Mr. Morton Hollander, Attorney, Department of Justice, were on the brief, for appellee, National Mediation Board.

Mr. James L. Highsaw, Jr., Washington, D. C., with whom Mr. Edward J. Hickey, Jr., Washington, D. C., was on the brief, for appellee, Brotherhood of Railway and Steamship Clerks.

Before WILBUR K. MILLER, Senior Circuit Judge and FAHY and TAMM, Circuit Judges.

PER CURIAM:

The appeal is from an order of the District Court granting the motion of the National Mediation Board for summary judgment in a suit brought against the Board by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, here the Teamsters, and George Leonidas, appellants. They sued to prevent the holding of an election, under the Railway Labor Act, of a collective bargaining agent among employees of REA Express, Inc. The District Court denied preliminary injunctive relief sought by appellants. This court and thereafter the Chief Justice of the United States declined to stay the action of the District Court or to enjoin the election or certification. In due course the case has reached this court for

decision on the merits after the election was held and the Brotherhood of Railway Clerks, the Teamsters' rival labor organization in the election, was certified as the representative of the employees.

The contention of appellants is that the manner in which the Board scheduled the election deprived the Teamsters of an adequate opportunity effectively to campaign among the employees, especially as the collective bargaining unit fixed by the Board embraced a large number of employees theretofore represented by the Railway Clerks and among whom previous organizing efforts had not been made on behalf of the Teamsters. It is accordingly urged that the Teamsters were deprived of their constitutional rights protected, primarily, by the First Amendment. The contention is sought to be supported by allegations not only of insufficient time to reach the employees in general but by faulty addresses furnished by the Board for some of the employees.

■ Appellants are faced with the well-established limitations upon judicial review of employee representation proceedings conducted by the Board under the Railway Labor Act. See Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61; Brotherhood of Railway & S. S. Clerks, etc. v. Association for the Benefit of Non-Contract Employees, 380 U.S. 650, 85 S.Ct. 1192, 14 L.Ed.2d 133; Flight Engineers' International Ass'n v. National Mediation Board, 119 U.S.App. D.C. 171, 338 F.2d 280. To sustain the constitutional challenge the burden of demonstration is a heavy one.

■ The proceedings were pending for some months and we cannot say on the record before us that the Teamsters were so severely deprived of campaign opportunities—matters largely intangible —that we are required to hold, contrary to the judgment of the Board, that constitutionally protected rights were infringed.

Affirmed.