ANTONIO MARCACCIO, INC. *vs.* LUIGIA SANTURRI.

JUNE 23, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This case brought for the recovery of a broker's commission and expenses according to an agreement hereinafter referred to is before us on plaintiff's exception to the decision of a justice of the Superior Court sitting without the intervention of a jury in granting defendant's motion for a nonsuit.

On July 7th, 1927 the defendant, a woman unable to speak English, desiring to raise money on her real estate signed an agreement in writing, whereby she promised to pay to the plaintiff the sum of $193 if it would raise a second mortgage of $1500 on property which she owned in Cranston. The agreement is as follows:

"Providence, R. I.
July 7th, 1927.

In consideration that Antonio Marcaccio, Inc. raises a second mortgage of $1500 on property which I own in the City of Cranston, R. I., situated on the northerly side of Oxbridge Street, consisting of two dwelling houses, other improvements and about 30 lots of land, I hereby agree to pay the said Antonio Marcaccio, Inc. the sum of $193. This includes title, recording, commission and making papers, it does not include interest.

Said mortgage is to be made for one year with interest at the rate of 8% payable semiannually in advance and is to be subject only to a mortgage of $2,000 to the Old Colony Cooperative Bank and one to Luigi Cipolla and Son, the balance of which is $2,750.

Witness to mark:                        her
Delia Pontarelli              Luigia X Santurri
                              ———————————————
                                   mark        "

After the execution of the agreement, plaintiff (upon receipt of a satisfactory certificate of title) was ready to advance the $1,500 as a second mortgage and claimed the $193 commission referred to in the contract.

The agreement was signed in plaintiff's office and, as appears from an examination of same, it does not give the exact number of the lots owned by defendant or state which lot or lots are covered by the existing first and second mortgages. The evidence of the attorney who examined the title is to the effect that the defendant owned but twenty-four lots, all subject to the Old Colony first mortgage and the Cipolla second mortgage.

The agreement was drawn by Mr. Marcaccio, president and treasurer of the plaintiff corporation, and by its terms the second mortgage to plaintiff was to be subject to two

mortgages which were then in existence rendering the agreement impossible of performance. If deceit was practiced in persuading plaintiff to raise the money, the action for damages would be in a different form. So far as appears, Cippola was not insisting on payment of his second mortgage and, had he been, $1,500 would have been insufficient to pay same.

Plaintiff cites the general rule of construction approved by this court in *Newport Water Works* v. *Taylor*, 34 R. I. 478 at page 486. "It is a settled rule of construction of contracts, that the intention of the parties must govern when that intention can be clearly inferred from the terms of the contract, and can be fairly carried out consistently with the settled rules of law."

In the instant case this rule, if applied, would lead to the conclusion that the plaintiff intended to take a third mortgage. The agreement does not state the amount of the mortgage which will precede its supposed second mortgage otherwise than to state clearly and specifically that it is to be subject to mortgages aggregating $4,750 (the present first and second mortgages) and nothing therein refers to the extinguishment in whole or in part of either the first or second mortgage. The last paragraph is specific and, under the rules of construction, would govern the more general statements in the first paragraph of the instrument. *Newport Water Works v. Taylor, supra*; 13 C. J. 538.

In Page on Law of Contracts, 2 Ed. § 2026, the rule of construction is stated as follows: "If general words are used in connection with specific words, the specific words generally follow the intention of the parties with greater exactness and accordingly, the general terms thus used are to be regarded as limited by the specific words."

As the contract in question was drawn by plaintiff's representative it is also to be construed "more strongly against the maker" according to the rule approved in *Deblois* v. *Earle*, 7 R. I. 26 in referring to the interpretation of a written instrument. "If . . . its language is

equally susceptible of either of two reasonable interpretations, that is to be adopted which makes most strongly against the maker of the instrument, or party using the ambiguous words." See also *Hartwell & Richards Co.* v. *Moss*, 22 R. I. 583; *Waterman* v. *Andrews*, 14 R. I. 589; *Corrigan* v. *Corrigan*, 50 R. I. 475.

The contract sued upon being impossible of performance by its terms, unless construed to require plaintiff to take a third mortgage, which it was unwilling to accept, the nonsuit was properly granted.

Plaintiff's exception is overruled and case remitted to the Superior Court for entry of judgment on the nonsuit.

*Thomas L. Marcaccio*, for plaintiff.

*Benjamin Cianciarulo, Luigi Capasso*, for defendant.