**G. T. SCHJELDAHL CO., PACKAGING MACHINERY DIVISION, Plaintiff, Appellant,**

v.

**LOCAL LODGE 1680 OF DISTRICT LODGE NO. 64 OF INTERNATIONAL ASSOCIATION OF MACHINISTS, Defendant, Appellee.**

No. 7032.

United States Court of Appeals First Circuit.

April 12, 1968.

Robert J. Cotton, Boston, Mass., with whom Morris L. Deutsch and Schneider, Bronstein, Wolbarsht & Deutsch, Boston, Mass., were on the brief, for appellant.

Richard A. Skolnik, Providence, R. I., with whom Julius C. Michaelson and Abedon, Michaelson, Stanzler & Biener, Providence, R. I., were on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an action under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185, against a union for damages caused by breach of a no-strike clause in a collective bargaining agreement. The district court stayed the action pending arbitration demanded by the union pursuant to another provision in the agreement and the company appeals. Jurisdiction exists under 28 U.S. C. § 1292(a). Hilti, Inc. v. Oldach, 1 Cir., 1968, 392 F.2d 368.

The company properly, at least in a case where the union asserts there was no strike, does not contend that by striking over its alleged grievance the union waived whatever right it had to insist on arbitration. Drake Bakeries, Inc. v. Local 50, American Bakery, etc., Workers, 1962, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474. Rather, it stakes all on a claim that arbitration was not required under the agreement. The pertinent provisions are found in Article 8, the "Grievance Procedure."

8.1 The term "grievance" means a difference or dispute between the Company and the Union, or between the Company and any employee with respect to the interpretation, meaning, application, claim of breach or violation of any of the provisions of this Agreement.

8.2 All grievances must be taken up within ten (10) working days of their occurrence or they shall not be deemed valid.

8.3 Any grievance as described above shall be settled in accordance with the following procedure:

FIRST: Employees in the first instance may register grievances with the Steward who shall present such

grievances to the immediate supervisor. The immediate supervisor's answer shall be given as soon as possible but not to exceed one working day. Matters unsettled at this point shall be reduced to writing and given to the Manager of Industrial Relations of the Company.

SECOND: [We omit reproduction of this, and also of step three, both of which provide for continuation of the employee-initiated grievance commenced under step one.]

8.4 Within sixty (60) days of the date of the Company's answer of the Third Step, the Union will notify the Company in writing of its intention to (a) accept the Company's answer as final disposition, (b) withdraw the grievance, or (c) submit the grievance or grievances to arbitration.

8.5 Any grievance not settled in the grievance procedure may be submitted to arbitration by either party. * * *

■ The company properly concedes that, standing alone, Art. 8.1 is broad enough to describe employer grievances as well as employee grievances. However, we point out that this is because of the generality of its language, as distinguished from a specific statement. Arts. 8.3 and 8.4 are very clearly in terms limited to employee grievances. We cannot accept the union's contention that this is a "strained interpretation." Rather, if we stop here we must agree with the company that this particularization in Arts. 8.3 and 8.4 calls into effect the principle that a subsequent specification impliedly limits the meaning of a preceding generalization. J. E. Faltin Motor Transp., Inc. v. Eazor Express, Inc., 3 Cir., 1959, 273 F.2d 444; Rice Growers Ass'n of Cal. v. F. Carrera & Hno., Inc., 1 Cir., 1956, 234 F.2d 843; Antonio Marcaccio, Inc. v. Santurri, 1931, 51 R.I. 440, 155 A. 571; 4 Williston, Contracts § 619 (3d ed. 1961). When Art. 8.3, which speaks only in terms of employee-initiated grievances, incorpo-

rates "Any grievance as described above," that is, all grievances described above, the indication is that the limitation apparent on the face of this article was equally intended for the former.

The union's response is that this indication is contradicted by Art. 8.5, which permits "Any grievance not settled in the grievance procedure" to be submitted to arbitration by "either party." If there were a necessary inconsistency between Art. 8.5 and the clear language of Arts. 8.3 and 8.4 we would have a serious ambiguity in the agreement. However, we do not so read it. The phrase "Any grievance not settled in the grievance procedure," as we have said, refers to and relates back to the grievances to which the grievance procedure was applicable. This in no way advances the union's position. Nor, in our opinion, does the fact that Art. 8.5 permits "either" party to call for arbitration. While at first blush it might be wondered why the company would want to arbitrate an unsettled employee grievance, we find it significant that this agreement is drafted with the intent of handling disagreements in the format of employee-initiated grievances. See, for example, Arts. 14.3(b) and (d). Yet Art. 8.4(b) expressly provides that the union may withdraw a particular grievance without accepting the adverse outcome. The company, however, might wish the matter settled. It could, in such instances, utilize Art. 8.5 to seek arbitration. We lack expertise to know whether, alternatively, the company, in the interest of good relations, might wish to yield to a particular grievance temporarily, but not to do so permanently, and hence not treat the grievance as "settled." If so, again it could turn to Art. 8.5.

■ We recognize that the strong policy favoring labor arbitration requires doubts to be resolved in favor of arbitration. United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 582–583, 80 S.Ct.

1347, 4 L.Ed.2d 1409. However, where the undertaking in question was in all other respects oriented towards employee grievances only, the mere fact that the agreement contains a clause which might be more broadly construed if it were not limited by specific provisions is not a sufficient ambiguity. Nor is the belief that it would be preferable had the agreement been broader sufficient reason to make it so. That only employee grievances should be arbitrated is not a result absurd on its face. Cf. Boeing Co. v. International Union, 3 Cir., 1967, 370 F.2d 969. Our duty to determine whether under a proper construction of the agreement the parties agreed to arbitrate, Atkinson v. Sinclair Refining Co., 1962, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462; Drake Bakeries, Inc. v. Local 50, American Bakery, etc., Workers, supra, does not require us to do violence to principles of contract interpretation.

The stay order is vacated and the case is remanded to the district court for further proceedings.