The **FIRESTONE TIRE & RUBBER COMPANY**, Plaintiff-Appellee,

v.

**INTERNATIONAL UNION OF the UNITED RUBBER, CORK, LINOLE-UM AND PLASTIC WORKERS OF AMERICA, AFL–CIO, et al., Defend-ants-Appellants.**

No. 72–2189.

United States Court of Appeals.
Fifth Circuit.

April 13, 1973.

George E. Barrett, Nashville, Tenn., George Vasko, Gen. Counsel, United Rubber Workers Int'l, Akron, Ohio, for defendants-appellants.

Robert L. Thompson, George B. Smith, Atlanta, Ga., S. B. Lippitt, Jr., Albany, Ga., Walter B. Connolly, Jr., Akron, Ohio, for plaintiff-appellee.

Before GEWIN, GOLDBERG and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from the entry of an order denying a stay pending arbitration and enjoining the defendant-union from pursuing any actions or proceedings arising out of the contract breach at issue in this lawsuit. We affirm.

This action was initiated by plaintiff-appellee, Firestone Tire & Rubber Company [Firestone] against defendants-appellants, the International Union of the United Rubber, Cork, Linoleum and Plastic Workers of America, Local No. 887 of that Union, and several individuals. In the suit Firestone sought injunctive relief and damages for violation of the no-strike provision contained in the collective bargaining agreement. After considerable procedural jockeying,[1] the Union filed a motion in the court below on March 29, 1972, seeking a stay of the court proceedings pending arbitration. After hearing argument on the motion, the district court found that the collective bargaining agreement did not contemplate arbitration of no-strike clause breaches. In an order dated April 11, 1972, the district court denied the stay pending arbitration and enjoined the Union:

"from commencing or continuing, or causing the commencement or continuation, either directly or indirectly, of any action, suit, proceeding, case, controversy, or other form of litigation or dispute against the Plaintiff herein (including without in any way limiting the generality of the foregoing, the action presently pending as Civil Action No. C72–196 in the United States District Court for the Northern District of Ohio), which are based upon, arise out of or are related to the transactions or occurrences which are the subject matter of the Plaintiff's complaint herein; provided, however, that the foregoing shall not be deemed or construed as restricting, prejudicing or adversely affecting in any manner the rights of any or all of the Defendants herein to assert in this proceeding any defense or counterclaim that may be available to any or all of such Defendants to or against the claims asserted by the Plaintiff herein."

It is from the entry of the above order that the Union brings this appeal.[2]

As a threshold matter, Firestone argues that (a) the order appealed from is non-appealable, and (b) the case is moot. It is true that an order denying a stay pending arbitration is non-appealable where the underlying suit seeks equitable relief. See Wallace v. Norman Industries, Inc., 5 Cir. 1972, 467 F.2d 824; Southeastern Enameling Corp. v. General Bronze Corp., 5 Cir. 1970, 434 F.2d 330; Jackson Brewing Co. v. Clarke, 5 Cir. 1962, 303 F.2d 844; New England Power Co. v. Asiatic Petroleum Co., Inc., 1 Cir. 1972, 456 F.2d 183; J. M. Huber & Co. v. M/V Plym, 4 Cir. 1972, 468 F.2d 166; Buffler v. Electronic Computer Programming Inst., Inc., 6 Cir. 1972, 466 F.2d 694; Standard Chlorine of Del., Inc. v. Leonard, 2 Cir. 1967, 384 F.2d 304; 9 Moore's Federal Practice ¶ 110.20 [.4–1]. The order appealed from here, however, went beyond merely denying a stay. It *enjoined* any and all proceedings, including arbitration, that might have been pursued

1. This suit was originally filed in Georgia State Court and removed to federal court by the Union. Simultaneously with its petition for removal, the Union filed an action against Firestone in the state court in Ohio alleging that Firestone breached the contract by filing the suit in Georgia. Firestone had that action removed to federal court in Ohio. The Ohio proceeding was then consolidated with the Georgia suit in the court below.

2. That portion of the appeal directed at the district court's injunction of the Ohio proceedings was dismissed as moot by order of this Court on October 2, 1972.

by the Union. An injunctive order of this type is clearly appealable, 28 U.S.C. § 1292(a)(1).

 Firestone also challenges the justiciability of this appeal based upon the fact that subsequent to the submission of this appeal on February 6, 1973, the underlying suit went to trial and on March 9, 1973, the United States District Court for the Middle District of Georgia issued a memorandum opinion containing findings of fact and conclusions of law. The Union, seeking reversal, urges us to decide the case. Firestone urges us to find in mootness a refuge from decision. If Judge Bootle's decision, in fact, left nothing of the order appealed from to pass upon, then our jurisdiction would be ousted. We do not sit to render advisory opinions as to the interpretation of collective bargaining agreements. This is not, however, such a case. We are unable to say for a certainty that had we found the district court's injunction erroneously entered the Union would have been remediless. Inasmuch as we are affirming the injunction and thereby leaving the status quo undisturbed, it is unnecessary to catalogue the potential remedies had we reversed and decided the case should never have gone to trial. The justiciability of a controversy should not be dependent upon the result reached. It suffices to say that had we reversed, the possibility for some relief was present and we therefore conclude that the order appealed from is not moot. *See* Flight Eng. Int'l Ass'n v. National Mediation Board, 1964, 119 U.S.App.D.C. 171, 338 F.2d 280, 282; *see also* Southwestern Bell Tel. Co. v. Communication Wkrs. of Ab., 5 Cir. 1971, 454 F.2d 1333, 1334; Allen M. Campbell Co. Gen. Con. Inc. v. Lloyd Wood Const. Co., 5 Cir., 1971, 446 F.2d 261, 264.

The Union challenges the district court's finding of non-arbitrability by contending that Art. XI, § 3(b) of the collective bargaining agreement evidences an intent of the parties to arbitrate the question of union fault prior to the commencement of a court suit for breach of the no-strike clause.[3] The court below considered the contract as a whole, particularly the wholly employee-oriented grievance machinery, and concluded that the issue was non-arbitrable.

 As the district court properly recognized,

"First, there is a strong national policy favoring labor arbitration and an order to arbitrate pursuant to an arbitration clause should not be denied unless it may be said with "positive assurance" that the arbitration clause does not reach the dispute in question. United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)."

The basis of arbitration is, however, contractual and unless the parties have provided for arbitration in the collective bargaining agreement, the court is powerless to compel arbitration. Numerous cases have held that breaches of a no-strike clause are not subject to arbitration where (1) the grievance provisions of the agreement neither explicitly nor implicitly provide for such arbitration, and (2) the contractual grievance machinery is wholly employee oriented. *E. g.*, Atkinson v. Sinclair Refining Co., 1962, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462; G. T. Schjeldahl Co., Packaging Machinery Division v. Local 1680, IAM, 1 Cir. 1968, 393 F.2d 502; Boeing Co. v. International Union, 3 Cir. 1967, 370 F.2d 969. The district court correctly applied this principle to the in-

---

3. Art. XI, § 3(b) of the contract reads: "The Company agrees that in consideration of the carrying out of the responsibilities placed upon the International Union and the respective Local Unions and their officers, agents and members in Paragraph (a) of this Section that the Company will institute no action for monetary damages against the International Union or the respective Local Unions or their officers, agents or members for breach of said Paragraph (a)."

stant contract, and we affirm its finding that the company was not obligated to seek arbitration of the no-strike breach.

Although the provisions of Art. XI, § 3(b), when viewed in isolation, might possibly raise an ambiguity as to arbitrability, when placed in the context of the whole contract, particularly the employee-oriented grievance procedures, there can be no question that the parties did not intend arbitration of no-strike breaches.

Affirmed.