The **WICKES CORPORATION**, Plaintiff-Appellant,

v.

**INDUSTRIAL FINANCIAL CORPORATION et al., Defendants-Appellees.**

No. 73-1918.

United States Court of Appeals, Fifth Circuit.

May 10, 1974.

**1174**

William E. Sadowski, Miami, Fla., for plaintiff-appellant.

Ralph H. Bearden, Jr., Joseph A. Ruszkowski, Miami, Fla., for defendants-appellees.

Before RIVES, WISDOM and MORGAN, Circuit Judges.

RIVES, Circuit Judge:

 This is an interlocutory appeal from two orders of the district court. The first order denied appellant's motion to stay arbitration proceedings.[1] The second order granted without bond appellees' motion for preliminary injunction against the sale of certain property.[2] We reverse the first order, and this moots the appeal of the second order.

### I.

In June 1970, Wickes Corporation and Nuessle Plan, Inc., now known as Industrial Financial Corporation (IFC), entered into a contract relating to a mobile home park. The contract contained an arbitration clause. After major disputes developed between the parties, IFC filed a demand for arbitration with the American Arbitration Association. Wickes protested that the Association did not have jurisdiction and that any decision would not be enforceable, but the Association proceeded forward. On December 29, 1972, Wickes filed a complaint against IFC in the federal district court, alleging diversity of citizenship between the parties. On February 1, 1973, Wickes filed a motion to stay the arbitration proceedings. The district court denied Wickes' motion on February 22, 1973, and Wickes appealed. On April 7, 1973, the district court halted arbitration pending appeal to this Court.

 The controversy centers around Paragraph 10 of the contract between Wickes and IFC:

"10. Any controversy or claim arising under, out of, in connection with or relation to this agreement, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association then outstanding. Any award rendered in such arbitration shall be final and binding on each and

1. Another panel of this Court has determined that the appellant in this case was entitled to appeal from the order denying the motion to stay the arbitration proceedings. Wickes

Corp. v. Industrial Finance Corp., 5 Cir. 1973 [No. 73–1918, May 16, 1973].

2. This order is properly appealable under 28 U.S.C. § 1292(a)(1).

all of the parties, and judgment may be entered in any Court having jurisdiction. *The provisions of Chapter 682, Florida Statutes, shall not apply to this arbitration or the award thereunder."* (Emphasis added.)

Chapter 682 of the Florida Statutes, F.S.A., is the Florida Arbitration Code. Section 682.02 of this Code provides:

"Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable and irrevocable without regard to the justiciable character of the controversy; *provided that this law shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder."* (Emphasis added.)

19C F.S.A. Pocket Part.

We have no difficulty in discerning the plain meaning of the final provision in this section: If the parties to a contract expressly agree that Chapter 682 shall not apply, then the Florida Arbitration Code shall not apply to any provision in the contract for the arbitration of controversies. The final sentence of Para-

graph 10 of the contract between Wickes and IFC states that Chapter 682 shall not apply. Thus Wickes and IFC clearly stipulated that the Florida Arbitration Code would not apply. Since that stipulation is in accord with the proviso contained in Section 682.02, we hold that the Florida Arbitration Code is inapplicable in this case.

Since the Florida Arbitration Code is inapplicable, Paragraph 10 of the contract must be interpreted in the light of common law principles. Wickes and IFC agree that under the common law of Florida, an agreement to arbitrate future controversies has always been deemed contrary to public policy and unenforceable because it tends to oust the courts of jurisdiction. See Flaherty v. Metal Products Corp., Fla.1955, 83 So.2d 9, and cases cited therein.

■ Applying Florida law, we interpret Paragraph 10 to mean that the parties intended voluntarily to use arbitration to settle any controversies, but that, notwithstanding the stated intention, either party can refuse to arbitrate.[3] When IFC requested arbitration, Wickes protested in a manner which made clear its disinclination to arbitrate. Wickes' efforts to have the federal district court stay the arbitration proceedings also manifest its determination not to engage in arbitration. We think a Florida court would not force Wickes to arbitrate. We therefore conclude that the district court should have stayed the arbitration proceedings.[4]

3. Wickes in its brief cites a relevant passage from Frederick A. Whitney, The Law of Modern Commercial Practices (1959), § 440, at 627:

"Courts classify arbitrations as common law and statutory. In all the states except three, Washington, Oklahoma and South Dakota, arbitrations may be conducted either at common law or under the statutes. If the parties have clearly manifested their intention to arbitrate—but have failed to comply with statutory arbitration regulations, their arbitration may be considered as a common law arbitration. This means then that either party can revoke his agreement to arbitrate even after the arbitration proceedings

have begun and even up to the time the award is about to be made."

4. A recent Florida case suggests another ground upon which a Florida court might have refused to require arbitration. In Klosters Rederi v. Arison Shipping Co., Fla.1973, 280 So.2d 678, the court indicated that where third parties are involved or where the action is founded upon fraud and breach of fiduciary duties, a court of equity may properly proceed with an adjudication of all rights, notwithstanding the existence of a valid binding arbitration clause. In the present case, Wickes' complaint alleged fraud, breach of contract, and conversion.

## II.

On March 16, 1973, IFC filed motions for a temporary restraining order and a preliminary injunction seeking to prevent Wickes from selling or conveying its interest in and to the mobile home park which was the subject matter of the contract between the parties. At the hearing on these motions, Wickes asked that IFC be required to post bond if the motions were granted. The district court granted IFC's motion for a preliminary injunction, and denied Wickes' motion to require IFC to post a bond.[5]

Numbered paragraph 2 of the court's order filed April 7, 1973, provides that,

"The Plaintiff, its agents and employees, be and the same are hereby enjoined from selling or conveying the interest of The Wickes Corporation in and to the property described as Lauder Lake Mobile Home Park, located in Broward County, Florida, to any person or entity, pending the hearing and favorable determination of Plaintiff's appeal to the United States Court of Appeals for the Fifth Circuit from this Court's Order denying Plaintiff's Motion to Stay Arbitration Proceedings, or until hearing and determination by the arbitrator or further order of this Court."

We have in this opinion rendered a favorable determination of Wickes' appeal from the district court's order denying Wickes' motion to stay the arbitration proceedings. Therefore, by its own terms, the preliminary injunction is dissolved, and the appeal of this order is now moot.

The order denying Wickes' motion to stay arbitration proceedings is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

5. During the hearing on IFC's motions, the court observed, with reference to the question of a bond, that "The way land is appreciating in this county [Broward] I don't see how there could be any possibility for that [financial injury]." That land values in general are on the upswing in Broward County may be proved to be no adequate assurance that a particular parcel of developed or partially developed real estate will retain its value over time. Wickes stoutly maintains that the court abused its discretion in not requiring IFC to post bond. We do not reach this issue because, as discussed *infra*, it has become moot in the present posture of the case. It is possible that a like issue may be presented to the district court in the proceedings on remand.