TEXACO, INC., Plaintiff-Appellee,

v.

AMERICAN TRADING TRANSPORTA-
TION COMPANY, INC., etc.,
Defendant-Appellant.

No. 80–3388
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 14, 1981.

Andrew T. Martinez, Robert J. Barbier, New Orleans, La., for defendant-appellant.

Robert B. Acomb, Jr., Grady S. Hurley, New Orleans, La., for plaintiff-appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

POLITZ, Circuit Judge:

American Trading Transportation Company, Inc. (American), appeals a judgment in favor of Texaco, Inc., staying arbitration pending the outcome of the instant litigation and denying a stay of the litigation pending the arbitration.[1] We affirm the stay of the arbitration and dismiss the appeal of the order denying the stay of litigation.

In this litigation (and the pending arbitration) Texaco asserts claims for damages to its dock following a collision between the S/S BALTIMORE TRADER and the M/V THEODOHOS. It is alleged that the BALTIMORE TRADER, a vessel owned by American and under a time charter to Texaco, while departing its mooring at the Texaco dock on the Mississippi River near the "Sunshine" Bridge at Convent, Louisiana, failed to complete a port-hand turnabout and collided with the THEODOHOS which was also moored at the dock. This collision allegedly caused the THEODOHOS to strike the dock resulting in extensive damage to the structure.

Texaco filed suit in admiralty against the vessels and their owners/operators. American answered the complaint asserting a defense under Clause 55 of the Tanker Time Charter Party denominated "Arbitration."[2] Texaco moved to stay the arbitration pending the litigation; American moved to stay the litigation pending the arbitration. As noted, the district judge entered an order staying the arbitration between Texaco and American and declined to stay the litigation. American appeals; Texaco moved to dismiss the appeal. A panel of this court ordered Texaco's motion carried with the case.

*Appealable Order*

■ Before addressing American's assignments of error, we first consider the question of appellate jurisdiction. Although the order appealed is entitled Final Judgment, it is interlocutory. It is not the type of final decision envisioned by 28 U.S.C. § 1291 which ordains: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts." Appellate jurisdiction over interlocutory orders is prescribed by 28 U.S.C. § 1292. Subsection (a)(1) of that statute provides that courts of appeals shall have jurisdiction of appeals involving interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions."

In support of its contention that the district court order is non-appealable, Texaco invites our attention to decisions by our colleagues of the Second Circuit which hold that orders staying arbitration pending the outcome of litigation are not within the intendment of 28 U.S.C. § 1292(a)(1). *See Diematic Mfg. Corp. v. Packaging Industries, Inc.*, 516 F.2d 975 (2d Cir.), *cert. denied*, 423 U.S. 913, 96 S.Ct. 217, 46 L.Ed.2d 141 (1975); *AAACON Auto Transport, Inc. v. Ninfo*, 490 F.2d 83 (2d Cir. 1974). We previously have dealt with one dimension of this question. In *Firestone Tire & Rubber Co. v. International Union, Etc.*, 476 F.2d 603 (5th Cir. 1973), we found appealable an order denying a stay of litigation pending arbitration which enjoined a party from any proceedings, including arbitration, pending litigation. *Firestone* stands for the proposi-

---

1. The motion filed by Texaco is entitled "Motion to Stay Arbitration and Alternatively For Summary Judgment." The judgment appealed provides "that the Motion of Texaco, Inc., for Summary Judgment and to Stay the Arbitration pending the outcome of this litigation be and is hereby granted and all further proceedings in the arbitration be and they are hereby stayed." Despite this reference to summary judgment the record makes abundantly clear that only the motions to stay were the subject of the court's ruling. The district judge stated: "I'm going to grant the plaintiff's motion to stay the arbitration, and I'm going to deny your motion to stay the litigation pending arbitration. Let it proceed."

2. Clause 55 provides in pertinent part:

Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of LONDON/NEW YORK, pursuant to the laws relating to arbitration there in force ... and judgment may be entered upon any award made hereunder in any court having jurisdiction in the premises.

tion that a stay order which enjoins other proceedings is an appealable interlocutory order. We recognize a lack of uniformity among the circuits on this point. *See* 9 Moore's Federal Practice § 110.20[4.–1].

Although we have not previously resolved the identical inquiry posited, there have been precedential harbingers. In *Eastern Marine Corporation v. Fukaya Trading Co.*, 364 F.2d 80 (5th Cir.), *cert. denied*, 385 U.S. 971, 87 S.Ct. 508, 17 L.Ed.2d 435 (1966), presumptively we found appellate jurisdiction before deciding whether a stay of arbitration was providently granted. Subsequently in *Wickes Corporation v. Industrial Financial Corporation*, 493 F.2d 1173 (5th Cir. 1974), we held appealable, and then reversed, an order denying a motion to stay arbitration. We now hold that an order granting a stay of arbitration pending outcome of litigation is an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). Texaco's motion to dismiss the appeal is denied.

### Arbitration—The Why & Where

■ American asserts that the order staying arbitration was erroneously entered for two reasons: (1) the dispute is one arising out of the Charter and thus must be arbitrated, and (2) the Charter provides that the arbitration is to take place in London or New York, and because arbitration has been initiated in New York, only a court in New York has jurisdiction to stay the arbitration. We find both assertions unpersuasive.

The Charter provides for arbitration of "[a]ny and all differences and disputes . . . arising out of this Charter." The complaint at bar is not the result of a difference or dispute arising out of the Charter. Texaco asserts a delictual claim for damages to its dock. Texaco alleges that the collisions between the vessels and its dock were caused by the fault and negligence of defendants and unseaworthiness of the vessels in enumerated particulars. The existence *vel non* of the Charter is not dispositive of this claim for delictual damages; the claim as alleged neither arises out of nor depends upon the Charter.

The Charter could have provided for arbitration of all disputes between the parties involving the chartered vessel. Instead the parties chose the more restrictive language limiting arbitration to disputes or differences arising out of the Charter. We find that Clause 55 does not mandate arbitration of Texaco's claim for damages to its dock.

■ Nor are we persuaded that only a court in New York has jurisdiction to stay the New York arbitration which is now pending. In support of this contention American cites Second Circuit decisions in *Orion S. & T. Co. v. Eastern States Petro. Corp. of Panama*, 284 F.2d 419 (2d Cir. 1960), and *Farr & Co. v. Cia. Intercontinental De Navegacion*, 243 F.2d 342 (2d Cir. 1957). These decisions recognize that parties who stipulate that arbitration of a disagreement governed by a charter provision must take place in a certain district thereby consent to that jurisdiction and venue. American also cites 9 U.S.C. § 4. Neither the cited decisions nor the statutory reference would prohibit a district court, with in personam jurisdiction, from staying other proceedings involving the same issue between the same parties pending trial of the matter.

### Stay of Litigation Pending Arbitration

■ American appeals the district court's denial of its motion to stay litigation pending arbitration. *See* 9 U.S.C. § 3. The Texaco complaint is grounded in admiralty. This order is non-appealable and, accordingly, the appeal as it relates to this portion of the district court judgment is dismissed. In *W. R. Grace & Co. v. The Trawler Crustmar*, 571 F.2d 318, 319 (5th Cir. 1978), we stated: "For reasons more historical than logical an order denying a stay pending arbitration in a proceeding in admiralty is not an appealable order." *See Firestone, supra*; 9 Moore's Federal Practice § 110.-20[4.–1].

The order of the district court staying the arbitration is AFFIRMED; the appeal of the order of the district court denying the stay of the litigation is DISMISSED.